http://www.va.gov/vetapp16/Files2/1617316.txt

Citation Nr: 1617316 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 10-33 665 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Pittsburgh, Pennsylvania

THE ISSUE

Entitlement to service connection for hypertension, to include as secondary to service-connected diabetes mellitus type II with erectile dysfunction and early peripheral neuropathy of the upper extremities.

REPRESENTATION

Veteran represented by: The American Legion

ATTORNEY FOR THE BOARD

A. Purcell, Associate Counsel

INTRODUCTION

The Veteran served on active duty from February 1967 to November 1978. 

This case comes before the Board of Veterans' Appeals (Board) on appeal of a May 2007 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO). The Board remanded this matter in April 2015 for further development. The case is again before the Board.

FINDING OF FACT

The Veteran's hypertension is not related to or aggravated by his service-connected diabetes mellitus type II with erectile dysfunction and early peripheral neuropathy of the upper extremities, nor is it related to service in any other way.

CONCLUSION OF LAW

The criteria for entitlement to service connection for hypertension, to include as secondary to service-connected diabetes mellitus type II with erectile dysfunction and early peripheral neuropathy of the upper extremities, have not been met. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.310 (2015).

REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

Under applicable criteria, VA has certain notice and assistance obligations to claimants. See 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). In the present case, required notice was provided by letter dated October 2006. See Pelegrini v. Principi, 18 Vet. App. 112, 120-21 (2004); Dingess/Hartman v. Nicholson, 19 Vet. App. 473, 486 (2006). 

As to VA's duty to assist, all necessary development has been accomplished. See Bernard v. Brown, 4 Vet. App. 384 (1993). The Veteran's VA treatment and examination records and private medical treatment records have been obtained and considered. The Board notes that the Veteran's service treatment records are not included in his claims file and VA issued a formal finding of the unavailability of the service treatment records after performing an exhaustive search for the records at the RO regional office, requesting them from the National Personnel Records Center, and from the Veteran.

The Court has held that in cases where records once in the hands of the government are lost, the Board has a heightened obligation to explain its findings and conclusions and to consider carefully the benefit-of-the-doubt rule where applicable. See O'Hare v. Derwinski, 1 Vet. App. 365, 367 (1991). The analysis below has been undertaken with this heightened duty in mind. The case law does not, however, lower the legal standard for proving a claim for service connection but rather increases the Board's obligation to evaluate and discuss in its decision all of the evidence that may be favorable to the claimant. See Russo v. Brown, 9 Vet. App. 46 (1996). All potential avenues for attempting to obtain this evidence have been pursued. In addition, the Veteran has not alleged that his hypertension began during service and has instead asserted that it is secondary to or aggravated by his diabetes mellitus. Therefore, according to the Veteran, his service records would not contain any evidence of hypertension.

The Veteran was provided a VA examination of his hypertension in February 2007. In April 2015, the Board remanded this matter for further medical opinion. Further medical opinion was obtained in May 2015. The May 2015 medical opinion substantially complies with the Board's remand directives. Stegall v. West, 11 Vet. App. 268, 271 (1998). The Board finds that the examination and associated reports are adequate. Along with the other evidence of record, they provided sufficient information to decide the appeal and a sound basis for a decision on the Veteran's claim. The reports were based on examination of the Veteran by an examiner with appropriate expertise and a thorough review of the claims file. 38 C.F.R. § 3.159(c)(4); Barr v. Nicholson, 21 Vet. App. 303 (2007). 

Therefore, VA has satisfied its duties to notify and assist, additional development efforts would serve no useful purpose, and there is no prejudice to the Veteran in adjudicating this appeal. See Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).

Service Connection

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Service connection requires: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); see also Caluza v. Brown, 7 Vet. App. 498 (1995). 

Service connection is also warranted for a disability which is proximately due to or the result of a service-connected disease or injury. 38 C.F.R. § 3.310(a). Such secondary service connection is warranted for an increase in the severity of a nonservice-connected disability, a permanent worsening beyond the natural progress of the nonservice-connected disease, that is proximately due to or the result of a service-connected disability. 38 C.F.R. § 3.310(b).

For certain chronic diseases, such as hypertension, which is a type of cardiovascular-renal disease, a presumption of service connection arises if the disease is manifested to a degree of 10 percent within one year following discharge from service. 38 C.F.R. §§ 3.307, 3.309(a). When a chronic disease is not shown within one year after service, under 38 C.F.R. § 3.303(b) for the showing of chronic disease in service, there is required a combination of manifestations sufficient to identify the disease entity and sufficient observation to establish chronicity at the time. When the fact of chronicity in service is not adequately supported, a showing of continuity after discharge is required to support a claim for such diseases; however, such continuity of symptomatology may only support a claim for those chronic diseases listed under 38 C.F.R. § 3.309(a). 38 C.F.R. § 3.303(b); see Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518, 519 (1996) (citing Gilbert, 1 Vet. App. at 54).

The Veteran claims that his hypertension is caused by or aggravated by his service-connected diabetes mellitus type II with erectile dysfunction and early peripheral neuropathy of the upper extremities. At no point does the Veteran argue that his hypertension arose during service or within a year following service, and the record does not support such a claim.

In February 2007, the Veteran underwent VA examination in relation to his hypertension. At that time, the Veteran reported that he was diagnosed with hypertension within the prior year and was taking medication daily. After examination and testing, the examiner diagnosed the Veteran with essential hypertension because there was no demonstration of elevated levels of blood urea nitrogen (BUN), creatinine or urine protein.

In May 2015, further medical opinion was obtained. After review of the records, the opinion provider opined that the Veteran's hypertension was less likely than not caused by or aggravated by his diabetes disability. The opinion provider explained that the Veteran's BUN, creatinine, and urine levels were within normal limits at the time of the February 2007 examination, showing that he had no kidney dysfunction at that time. The examiner cited medical literature for the principle that diabetic nephropathy, which occurs in 20 percent of those individuals with diabetes mellitus after 15 years with diabetes, is a contributing factor to the development of hypertension in a diabetic individual. Here, the Veteran did not have nephropathy prior to his hypertension as the February 2007 test results did not show nephropathy and he had been diagnosed with hypertension a year prior. The examiner explained that the Veteran would need nephropathy noted prior to his hypertension diagnosis in order for his diabetes to be considered a cause of his hypertension. 

As to aggravation, the opinion provider explained that the Veteran's hypertension appeared stable since 2006. The opinion provider noted that there was a jump in microalbumin in 2010, which can be caused by both diabetes and hypertension, but explained that the ratio was still within normal limits. The opinion provider further explained that there was no aggravation of the Veteran's hypertension because his medication amounts continued at the same level and his blood pressure had been relatively well-controlled without significant fluctuations.

The VA opinion is consistent with the Veteran's treatment records. See, e.g., March 2006 Private Treatment Record (notes minor diagnosis of elevated blood pressure without hypertension); June 2006 Private Treatment Record (prescription for 10 milligrams of Lisinopril daily); September 2006 VA Treatment Record (diagnosis of essential hypertension; prescription for 20 milligrams of Lisinopril daily); June 2007 VA Treatment Record (hypertension is well-controlled; prescription for 10 milligrams of Lisinopril); August 2008 VA Treatment Record (diagnosis of essential hypertension; prescription for 20 milligrams of Lisinopril); March 2009 VA Treatment Record (hypertension is stable so continue same medication; prescription for 20 milligrams of Lisinopril); December 2010 VA Treatment Record (hypertension is stable; prescription for 20 milligrams of Lisinopril).

The Board finds highly probative the VA medical opinion that the Veteran's hypertension was not related to or aggravated by his diabetes disability. The opinion is supported by a rationale that the Veteran did not have diabetic nephropathy prior to his hypertension, and that his hypertension has remained stable (as evidenced by relatively well-controlled blood pressure readings and stable medication levels). This rationale is consistent with the Veteran's medical records. This is the most probative and adequate medical opinion of record, and the record does not contain any contradictory medical opinion. 

The only other opinion of record is that of the Veteran. He asserts that his hypertension is caused or aggravated by his diabetes mellitus type II with erectile dysfunction and early peripheral neuropathy of the upper extremities. In many instances, laypersons are competent to provide opinions regarding the etiology of a disorder. Layno v. Brown, 6 Vet. App. 465 (1994); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). However, the Board finds that the reasoned opinion of a medical professional is more probative than the Veteran's lay assertions. The VA examiner has expertise, education, and training that the Veteran is not shown to have. As such, that opinion is afforded more weight. The Board therefore finds that the evidence weighs in favor of a finding that the Veteran's hypertension is not related to his diabetes disability.

As there is no lay or medical evidence suggesting that the Veteran's hypertension began during or within a year of service or that it is directly related to his service, service connection on that basis is not warranted.

For these reasons, the Board finds that the Veteran's hypertension is not caused by or related to his diabetes disability, or service. Accordingly, the claim for service connection for hypertension must be denied. In reaching this conclusion, the Board has considered the applicability of the benefit-of-the-doubt doctrine. However, on these facts, that doctrine is not applicable. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Gilbert, 1 Vet. App. at 53-56.

ORDER

Service connection for hypertension, claimed as secondary to service-connected diabetes mellitus type II with erectile dysfunction and early peripheral neuropathy of the upper extremities, is denied.

____________________________________________
R. FEINBERG
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs